IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRONTIER VAN LINES MOVING
AND STORAGE, INC. and SHARON
BITON, a/k/a Mike Bitton

        Plaintiffs,

    v.

VALLEY SOLUTIONS, INC., t/d/b/a
MoverReviews.com, and MATT
SCHMIDT

        Defendants.

11cv0526
**ELECTRONICALLY
FILED**

# MEMORANDUM OPINION

## I. Introduction

On March 9, 2011, Plaintiffs Frontier Van Lines Moving and Storage, Inc. ("Frontier") and Sharon Biton ("Biton") filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania against Valley Solutions, Inc. ("Valley Solutions") and Matt Schmidt ("Schmidt") alleging defamation, and this case was properly removed to this Court, pursuant to 28 U.S.C. § 1332.

Valley Solutions, t/d/b/a, MoverReviews.com, hosts and maintains a website wherein reviews are posted by persons who seek the services of moving companies, including Frontier. Frontier alleges that Defendant Schmidt posted two

1

defamatory statements about Frontier, and that Valley Solutions also published, authored, created, or acted in concert with Schmidt in authoring, creating, and posting and in failing to remove the alleged defamatory statements, thus resulting in harm to its business and the personal reputation of the business owners. Doc. No. 1-1. Plaintiffs seek compensatory and punitive damages.

On April 28, 2011, Valley Solutions filed a Motion to Dismiss the claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 4. Valley Solutions asserts that Plaintiffs' claims against it are barred by Title V of the Communications Decency Act of 1996, specifically that part codified at 47 U.S.C. § 230. For the reasons discussed below, Valley Solutions' Motion to Dismiss will be denied without prejudice.[1]

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), civil complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)

---

[1] As of this date, Plaintiffs have yet to make service on individual Defendant, Matt Schmidt. According to the Complaint, Schmidt is the alleged author of the allegedly defamatory statement.

2

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 570 (2007)).[2] To survive a motion to dismiss under Rule 12(b)(6), a claim for relief now "'requires more than labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (quoting *Twombly*, 550 U.S. at 555). While Rule 8 was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

In light of the Supreme Court's decision in *Iqbal*, the United States Court of Appeals for the Third Circuit has advised district courts to review Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

---

[2] In *Twombly*, the United States Supreme Court abrogated its decision in *Conley v. Gibson*, 355 U.S. 41 (1957), which allowed dismissal of a claim only if "no set of facts" could be conceived to support it. *Conley*, 355 U.S. at 45.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

In conducting this analysis, the Court will accept all of the plaintiff's factual allegations as true and construe all inferences in the light most favorable to the non-moving party. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). To satisfy the requirement of Federal Rule 8(a)(2) for a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. at 1951.

This standard does not impose a heightened burden on the claimant above that already required by Rule 8, however, but instead calls for fair notice of the

factual basis of a claim and enough specificity to raise a reasonable expectation that discovery will reveal evidence of the necessary element. *See Twombly*, 550 U.S. at 555; *Phillips*, 515 F.3d at 234.

### III. Discussion

#### A. Communications Decency Act (47 U.S.C. §230)

In enacting the Communications Decency Act (CDA) in the age of the Internet, Congress sought to "promote the continued development of the Internet and other interactive computer services and other interactive media," and to "preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation." *Id*. § 230(b).

Section 230 of Title 47 of the United States Code provides, in pertinent part, that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230 also provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Id. § 230(e)(3).

The language of the CDA, as quoted above, sets three limits on the immunity provided. First, immunity is available only to a "provider or user of an

5

interactive computer service." *Id.* § 230(c)(1). The term "interactive computer service" means

> any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

*Id.* § 230(f)(2). Second, immunity exists only for alleged liability that is premised on the defendant having acted as a "publisher or speaker." *Id.* at § 230(c)(1). Third, immunity can be claimed only with respect to "information provided by another information content provider." *Id.*

Valley Solutions premises its Motion to Dismiss on preemption - - by arguing that any state law tort claim against Valley Solutions is preempted by the CDA (Section 230(c)(1)), and Valley Solutions is therefore immune from suit.

**B.    Complaint Does Not Properly Allege Defendant Valley Solutions As An Information Content Provider**

Although Frontier alleges in its Complaint that Valley Solutions is liable as a "publisher" of alleged defamatory remarks by Schmidt, in its Response to the Motion to Dismiss, Frontier does not appear to dispute that Valley Solutions may not be held liable where its sole purpose is to act as a "publisher" or "editor," as opposed to an "information content provider." Doc. No. 1-1 at ¶ 16. Indeed, the law on that point is well established. *Parker v. Google, Inc.*, 242 Fed. Appx. 833,

838 (3d Cir. 2007) (holding that Section 230 bars claims of defamation, invasion of privacy and negligence, against Google, who was not an "information content provider" of the statements at issue); *Green v. Americal Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003) (holding AOL immune from suit on decisions related to a "publisher's" role, such as monitoring, screening and deleting of content from its network).

Instead, Frontier argues in opposition to the Motion to Dismiss, that it has properly pled that Valley Solutions is an "information content provider" as to the service reviews in question and, therefore, cannot qualify for Section 230(c)(1) immunity.

According to Frontier, Valley Solutions "is alleged to have authored or created, in whole or in part, the defamatory statements which are the subject of this civil action." Doc. No. 8 at 2; *see also* Doc. No. 1-1 at ¶ 16 (noting that the alleged defamatory statements were "created by, authored by, and published by the Defendant Valley Solutions, Inc. a corporation t/d/b/a MoverReviews.com . . . or by Matt Schmidt acting in concert with the Defendant, Valley Solutions, Inc.").

In support of its contention that Valley Solutions is an "information content provider," because it worked "in concert with Schmidt" to create the service

reviews in question, Frontier cites two cases, which although instructive, do not constitute binding precedent.³

Frontier cites *Carafano v. Metrosplash.com Inc.*, 207 F. Supp. 2d 1055 (C.D. Cal. 2002), *aff'd*, 339 F.3d 1119 (9th Cir. 2003) for its position that MoverReviews.com is not immune from suit. In that case, the Court held that a website would not be immune under Section 230 where, it "created and tailored membership questionnaires that served as the basis" for a user's online profile. *Id*. at 1074.

Frontier next cites *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008),where the United States Court of Appeals for the Ninth Circuit similarly found that the website in question (Roommates.com) was an "information content provider," and thus, was not entitled to immunity under the CDA. The website, which was designed to help individuals find suitable roommates, allowed users to create online profiles based upon a questionnaire generated and provided by the website. *See id.* at 1165.

---

³ Frontier correctly explains that there is no precedential authority within the United States Court of Appeals for the Third Circuit for its position that Valley Solutions (Moversreviews.com) is an "information content provider," and thus may be subject to suit.

The Court in *Roommates.com* explained:

> Roommate requires subscribers to specify, using a drop-down menu provided by Roommate, whether they are "Male" or "Female" and then displays that information on the profile page . . . . Similarly, Roommate requires subscribers listing housing to disclose whether there are "Children present" or "Children not present" and requires housing seekers to say "I will live with children" or "I will not live with children." Roommate then displays these answers, along with other information, on the subscriber's profile page.

*Id*. The Court of Appeals for the Ninth Circuit noted that while the website's users were "information content providers" because they ultimately provided the data for their profiles, that did "not preclude the website from *also* being an information content provider by helping develop at least in part the information in the profiles" through its questionnaire. *Id*. (internal quotations omitted). However, unlike the present case (where the defamation claims were based upon the statements of defendant Schmidt), plaintiff's claims for alleged violations of housing discrimination laws were *based upon* the elicitations made by defendant's website in formulating the questionnaires and were impermissible questions related to race, sex or sexual preferences.

Notably, while the United States Court of Appeals for the Ninth Circuit, in *Roommates.com,* found that Section 230 immunity does not apply to those parts of users' profiles that were shaped by the site's questionnaire, it held that certain

9

"Additional Comments" posted by users, which were not shaped by the site's questionnaire, were immune under Section 230:

> Roommate publishes these [Additional Comments] as written. It does not provide any specific guidance as to what the[y] should contain. . . Roommate is not responsible, in whole or in part, for the development of this content, which comes entirely from subscribers and is passively displayed by Roommate . . . . This is precisely the kind of situation for which section 230 was designed to provide immunity.

*Roommates.Com,* 521 F.3d at 1173-74.

Frontier's Complaint does not suggest that the MoverReviews.com website shaped users' service reviews as the websites in *Roommates.Com* and *Metrosplash.com*, shaped users' profiles. Accepting Frontier's factual allegations as true, the Court is not convinced that Frontier has properly alleged that Valley Solutions is an "information content provider" such that the protections of Section 230 do not apply. Rather, based on Frontier's Complaint, in its current form, the alleged defamatory reviews posted on MoverReviews.com were created by another "information content provider" (i.e. Matt Schmidt) and passively displayed by the site, as with the "Additional Comments" in *Roommates.com*.

The factual allegations in the Complaint aver no mechanism by which MoverReviews.com shaped the service reviews in question, such that it became an "information content provider," and the Court would tend to agree with Valley Solutions that Frontier has failed to "nudge" its claims "across the line from

conceivable to plausible." *Iqbal*, 129 S.Ct. at 1951.[4]  In other words, based upon the allegations in the Complaint, the Court would be inclined to grant the motion to dismiss on the basis that Valley Solutions, solely as a publisher or editor, rather than an "information content provider," is immune from suit under the CDA.

Nonetheless, out of an abundance of caution, the Court will provide Frontier an opportunity to develop the record with respect to this issue; and therefore, will deny the motion to dismiss without prejudice for Valley Solutions to file a prompt motion for summary judgment after the exchange of the Rule 26(a)(1) disclosures, and limited discovery.  The timing of the filing of an expedited motion for summary judgment, among other items, will be addressed at the initial case management conference (ICMC), which is scheduled for June 14, 2011.

---

[4]Given the procedural posture of this case, the Court has not considered the affidavit submitted on behalf of Defendant Valley Solutions, and will not convert the Motion to Dismiss into Summary Judgment.  Doc. No. 14-1.

## IV. Conclusion

For the reasons discussed hereinabove, Defendant Valley Solutions' Motion to Dismiss will be DENIED without prejudice. An appropriate Order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties